FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 26 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| **WILLIE MAE CONOR** | **PLAINTIFF** |
| VS. NO. 2:07-CV-85 JMM | |
| **METROPOLITAN LIFE INSURANCE COMPANY** | **DEFENDANT** |
| VS. | |
| **SANDRA R. CONOR, JANET CONOR, and ZENNIE M. MILLER** | **THIRD-PARTY DEFENDANTS** |

### CONSENT ORDER

On this 26 day of March, 2008, the Court enters this Consent Order and finds:

1. The present case concerns the entitlement to benefits ("Plan Benefits") under the International Truck and Engine Company Retiree Life Insurance Plan, which is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 *et seq.* The deceased, Sammie Lee Conor, Sr., as a former employee of International Truck and Engine Company, was a participant in the Plan.

2. Following the death of Sammie Lee Conor, Sr., Plaintiff Willie Mae Conor filed suit against Metropolitan Life Insurance Company ("MetLife") in the Circuit Court of Lee County, Arkansas seeking recovery of the Plan Benefits. MetLife removed the matter to this Court. Because there were conflicting claims to the Plan Benefits, MetLife filed a Counterclaim and Third-Party Complaint for Interpleader, adding as third-party defendants Sandra R. Conor, Zennie M. Miller, and Janet Conor.

3. On January 25, 2008, the Court entered default judgment against Sandra R. Conor and Zennie M. Miller, finding that these third-party defendants have waived any claim to the Plan Benefits. The time for appeal from this Order has expired.

4. On March 18, 2008, the Court granted Third-Party Defendant Janet Conor's Motion to Withdraw Answer, and noted that Janet Conor is no longer asserting a claim to the Plan Benefits.

5. Because there are no longer conflicting claims to the Plan Benefits, this matter is ripe for resolution, and the Plan Benefits are now properly payable to Plaintiff Willie Mae Conor after reduction for reasonable costs incurred by MetLife and payment pursuant to an assignment to the Marianna Funeral Home.

6. MetLife is permitted reasonable costs in the amount of $300.00. In addition, Plaintiff Willie Mae Conor executed an assignment of benefits to the Marianna Funeral Home in the amount of $5,717.00.

7. Therefore, MetLife is instructed to remit payment to the Marianna Funeral Home in the amount of $5,717.00. MetLife is instructed to remit the remaining balance of $10,983.00, which reflects the total Plan Benefits of $17,000 reduced by MetLife's costs and by the assignment to the Marianna Funeral Home, to Plaintiff Willie Mae Conor.

8. Except as otherwise provided above, the parties are responsible for their own attorney's fees and costs.

9. The Court retains jurisdiction for thirty (30) days to enforce the Consent Order upon Motion of any party. This matter is thereafter dismissed with prejudice in its entirety.

10. Payment of the Plan Benefits by MetLife consistent with the terms of this Consent Order will operate to fully and finally discharge of any liability MetLife, the

International Truck and Engine Company Retiree Life Insurance Plan, and International Truck and Engine Company for any and all benefits claimed under the Plan.

IT IS SO ORDERED this 26 day of March, 2008.

_____
James. M. Moody
United States District Judge

_____
Jeffrey L. Spillyards
Attorney for Metropolitan Life Insurance Company

_____
Willie Mae Conor

_____
Blake Spears
Attorney for Willie Mae Conor

3